# Exhibit A

**SOLOMON, SHERMAN & GABAY**
**DAVID B. SHERMAN, ESQUIRE**
**Identification No.: 36437**
**GARY I. SPIVACK, ESQUIRE**
**Identification No.:30890**
**8 Penn Center**
**1628 J.F.K. Boulevard**
**Suite 2200**
**Philadelphia, PA 19103**
**(215) 665-1100**

This is a Major Jury Case.



*Filed and Attested by the Office of Judicial Records 18 MAY 2022 09:23 am E. HAURIN*

**Attorney for Plaintiff**

| | |
|---|---|
| THEODORSHA TAYLOR, Administratrix of the Estate of JOYCE TAYLOR SHADDING 5766 Stewart Street Philadelphia, PA 19131 and HERBERT SHADDING, as spouse of JOYCE TAYLOR SHADDING 6313 Saybrook Avenue Philadelphia, PA 19142 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | |
| GREATER PHILADELPHIA HEALTH ACTION, INC (GPHA) 5000 Woodland Avenue Philadelphia, PA 19143 and DR. CARRIE JORDAN, M.D. 5000 Woodland Avenue Philadelphia, PA 19143 and and DONALD LEVEILLE, M.D. (formerly John Doe 1) 5000 Woodland Avenue Philadelphia, PA 19143 and TRINITY HEALTH, INC. 20555 Victor Parkway Lavonia, MI 48152 and TRINITY HEALTH MID-ATLANTIC, INC. d/b/a Mercy Catholic Medical Center a/k/a Mercy Philadelphia 501 S. 54th Street Philadelphia, PA 19143 and MERCY CATHOLIC MEDICAL CENTER 501 S. 54th Street Philadelphia, PA 19143 and MERCY CATHOLIC RADIOLOGY ASSOCIATES 501 S.s 54th Street Philadelphia, PA 19143 and | JANUARY TERM, 2021 |

ROBERT F. BORDEN, D.O.                          :
(formerly, John Doe 2)                          :                          :
501 S. 54th Street                              :
Philadelphia, PA  19143                         :
and                                             :
MICHAEL L. BROOKS, M.D.                          :
(formerly Doe 3)                                :
501 S. 54th Street                              :
Philadelphia, PA  19143                         :
and                                             :
JOHN/JANE DOE CORP/LLC                           :        NO:  210101226
501 S. 54th Street                              :
Philadelphia, PA  19143                         :

## <u>SEVENTH AMENDED COMPLAINT – CIVIL ACTION</u>

<table>
<tr><td>

NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone:  215-238-1701

</td><td>

AVISO

   Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plaza al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparensencia escrita o en persona o con un abogada y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASESTENCIA LEGA.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania  19107
Telefono:  215-238-1701

</td></tr>
</table>

**SOLOMON, SHERMAN & GABAY**
**DAVID B. SHERMAN, ESQUIRE**
**Identification No.:  36437**
**GARY I. SPIVACK, ESQUIRE**
**Identification No.:30890**
**8 Penn Center**
**1628 J.F.K. Boulevard**
**Suite 2200**
**Philadelphia, PA  19103**
**(215)  665-1100**

This is a Major Jury Case.

**Attorney for Plaintiff**

| | | |
|---|---|---|
| THEODORSHA TAYLOR, Administratrix of the Estate of JOYCE TAYLOR SHADDING<br>5766 Stewart Street<br>Philadelphia, PA  19131<br>and<br>HERBERT SHADDING, as spouse of<br>JOYCE TAYLOR SHADDING<br>6313 Saybrook Avenue<br>Philadelphia, PA  19142 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | : <br> : <br> : | |
| GREATER PHILADELPHIA HEALTH ACTION, INC (GPHA)<br>5000 Woodland Avenue<br>Philadelphia, PA  19143<br>and<br>DR. CARRIE JORDAN, M.D.<br>5000 Woodland Avenue<br>Philadelphia, PA  19143<br>and<br>and<br>DONALD LEVEILLE, M.D.<br>(formerly John Doe 1)<br>5000 Woodland Avenue<br>Philadelphia, PA  19143<br>and<br>TRINITY HEALTH, INC.<br>20555 Victor Parkway<br>Lavonia, MI  48152<br>and<br>TRINITY HEALTH MID-ATLANTIC, INC.<br>d/b/a Mercy Catholic Medical Center<br>a/k/a Mercy Philadelphia<br>501 S. 54th Street<br>Philadelphia, PA  19143<br>and | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | :<br><br><br><br>JANUARY TERM, 2021 |

Case ID: 210101226

MERCY CATHOLIC MEDICAL CENTER          :
501 S. 54th Street                                          :
Philadelphia, PA  19143
and                                                              :
MERCY CATHOLIC RADIOLOGY ASSOCIATES  :
501 S.s 54th Street                                       :
Philadelphia, PA  19143
and                                                              :
ROBERT F. BORDEN, D.O.                        :
(formerly, John Doe 2)                            :                                    :
501 S. 54th Street                                        :
Philadelphia, PA  19143
and                                                              :
MICHAEL L. BROOKS, M.D.                     :
(formerly Doe 3)                                       :
501 S. 54th Street                                        :
Philadelphia, PA  19143
and                                                              :
JOHN/JANE DOE CORP/LLC                    :          NO:  210101226
501 S. 54th Street                                        :
Philadelphia, PA  19143                             :

### PLAINTIFF, THEODORSHA TAYLOR, ADMINISTRATRIX OF THE ESTATE OF JOYCE TAYLOR SHADDING'S SEVENTH AMENDED COMPLAINT - CIVIL ACTION

1.       Plaintiff's Decedent, Joyce Taylor Shadding and Herbert Shadding are

adult individuals and husband and wife residing at 6513 Saybrook Avenue,

Philadelphia, PA  19142.

2.       Defendant, Greater Philadelphia Health Action, Inc. (GPHA) is a non-profit

organization providing medical and healthcare services to the Philadelphia community

operating and existing under the laws of the Commonwealth of Pennsylvania and in this

case provided such services to Decedent, Joyce Taylor Shadding at 5000 Woodland

Avenue, Philadelphia, PA  19143.  Plaintiff, Theodorsha Taylor is asserting a

professional liability claim against this Defendant.

3.       At all relevant times, Defendant, Dr. Carrie Jordon, M.D. is an internal

medical specialist who at all times material hereto is a licensed and practicing physician

Case ID: 210101226

in the Commonwealth of Pennsylvania practicing at GPHA, 5000 Woodland Avenue, Philadelphia, PA  19143, and at all times material hereto was the agent, servant, and/or ostensible agent of Defendant, GPHA.  Plaintiffs are asserting a professional liability claim against this Defendant.

4.      Defendant, Donald Leveille, M.D. (formerly Doe 1) is an internal medicine specialist who at all times material hereto is a licensed and practicing physician in the Commonwealth of Pennsylvania practicing at GPHA, 5000 Woodland Avenue. Philadelphia, PA  19143, and at all times material hereto was an agent, servant, work person and/or employee of GPHA.  Plaintiffs are asserting a professional liability claim against this Defendant.

5.      Defendant, Trinity Health, Inc. is a non-profit healthcare system with corporate headquarters at 20555 Victor Parkway, Lavonia, MI  48152, and was and is the parent company of Trinity Health Mid-Atlantic, Inc. and operated and exists under the laws of Pennsylvania, and is engaged in the business of providing medical, surgical and healthcare services at MCMC (Philadelphia) 501 S. 54th Street, Philadelphia, PA 19143.  Plaintiffs are asserting a professional liability claim against this Defendant.

6.      Defendant, Trinity Health Mid-Atlantic, Inc. is a healthcare system; part of Trinity Health of Lavonia Michigan and at all times material hereto owned and controlled Mercy Catholic Medical Center a/k/a Mercy Philadelphia Hospital, 501 S. 54th Street, Philadelphia, PA  19143.  Plaintiffs are asserting a professional liability claim against this Defendant.

7.      Defendant, Mercy Catholic Medical Center (MCMC) a/k/a Mercy Catholic Medical Center of Philadelphia, a/k/a Mercy Catholic Medical Center of Southeastern

PA, located at 501 S. 54th Street, Philadelphia, PA 19143 is a hospital organized, operating and existing under the laws of Pennsylvania and is part of the Trinity Health Mid-Atlantic, Inc. Healthcare System and at all times material hereto operated said hospital as an institution open to the public and serving the Philadelphia community. As part of its service, MCMC owns and controls a radiology department where patients are given x-rays, MRIs and other types of diagnostic scans. Plaintiffs are asserting a professional liability claim against this Defendant.

8.      Defendant, Mercy Catholic Radiology Associates, a/k/a Mercy Catholic Medical Center, Department of Radiology is a corporation, medical provider, or other such entity operating and existing under the laws of the Commonwealth of Pennsylvania that provides medical providers who practice radiology at MCMC and in the course and scope of their practice provide radiology services to the public and patients of MCMC, including, Joyce Taylor Shadding. Plaintiffs are asserting a professional liability claim against this Defendant.

9.      Defendant, Robert F. Borden, D.O. (formerly John Doe 2) is a licensed and practicing physician in the Commonwealth of Pennsylvania who at all times material hereto was engaged in the practice of radiology at MCMC Philadelphia/MCMC Radiology at 501 S. 54th Street, Philadelphia, Pennsylvania 19107.

10.      Defendant, Michael L. Brooks, M.D. (formerly John Doe 3) is a licensed and practicing physician in the Commonwealth of Pennsylvania, who at all times material hereto was engaged in the practice of radiology at MCMC Philadelphia/MCMC Radiology, at 501 S. 54th Street, Philadelphia, Pennsylvania 19107. Plaintiff is asserting a professional liability claim against this Defendant.

11.     Defendant, Mercy Catholic Medical Center Department of Radiology is a medical provider and medical facility organized, operating and existing under the laws of the Commonwealth of Pennsylvania located at MCMC, 501 S. 54th Street, Philadelphia, PA  19143, and at all times material hereto engaged in the business and practice of providing medical services, x-rays, MRI, CAT scans and all other diagnostic scanning for MCMC and also was tasked with the reading and interpreting of said scans and the reporting of their findings to the referring providers and their patients.  Plaintiffs are asserting a professional liability claim against this Defendant.

12.     Defendant, John Doe Corporation is a fictitious name whose actual name is unknown at the present after plaintiffs having conducted a reasonable search with due diligence.  John Doe Corporation is a corporation, LLC and or other entity that employs radiologists who perform x-rays, MRI's CAT scans and other diagnostic scanning to members of the public upon referral by other medical providers after which they produce written reports which are relied upon by other providers and members of the public.  After conducting a diligent and reasonable investigation and search, the name of any such entity is unknown.  Plaintiffs are asserting a professional liability claim against this Defendant.

13.     At all times relevant hereto, Defendant, Donald Leveille, M.D. (formerly Doe 1) was the agent and/or ostensible agent of Defendant, GPH and/or Defendant, Carrie Jordan, M.D. and acted in the course and scope of the agency relationship with Defendant, GPHA and/or Defendant, Carrie Jordan, M.D., Defendant, Leveille, M.D. acted, at all times material hereto under the control and direction of Defendant, GPHA and/or Defendant, Carrie Jordan, M.D.

14.     At all times relevant hereto, Defendants, Robert F. Borden, D.O. and Michael L. Brooks, M.D. were the agents and/or ostensible agents of Defendants, Trinity, MCMC, MCMC Radiology Associates and/or John Doe Corporation who were at all times relevant to the medical care of Joyce T. Shadding acting in the course and scope of their agency relationship with Defendant, Trinity Mid-Atlantic, MCMC, MCMC Radiology Associates, MCMC Radiology Department and/or John Doe Corporation with actual or implied authority to act on behalf of the Defendants and were at all times material hereto under the control and direction of one or all of the above Defendants.

15.     At all relevant times, Defendants, Borden and Books acted individually and/or through other physicians, residents, fellows, physicians' assistants, nurses, radiology technicians, and/or medical assistants, and medical and nursing administrators, and managers who were at all times relevant to the care of Joyce Taylor Shadding acting within the course and scope of their agency or ostensible agencies with Defendants, MCMC Radiology Associates, MCMC Radiology , MCMC, Trinity, Trinity Mid-Atlantic, with actual and/or implied authority to act on behalf of said Defendants.

16.     At all relevant times, Defendant, Doctors Carrie Jordan and Donald Leveille acted individually and/or through other physicians, residents, fellows, physicians' assistants, nurses, radiology technicians, and/or medical assistants, and medical and nursing administrators, and managers who were at all times relevant to the care of Joyce Taylor Shadding acting within the course and scope of their agency or ostensible agencies with Defendant, GPHA with actual and/or implied authority to act on behalf of said Defendants.

17.     Decedent, Joyce Taylor Shadding had been a patient of GPHA since approximately 2001-2002 and has been complaining of chest pain, coughing and breathing discomfort since 2015.

18.     On or about December 10, 2018, Joyce Taylor Shadding presented to Defendant, Dr. Carrie Jordon, M.D. and Dr. Donald Leveille, M.D. at Defendant, Greater Philadelphia Health Action (GPHA) at 5000 Woodland Avenue, Philadelphia, PA  19143 with complaints of chest pain, aches, cough, and chills.

19.     As a result of these complaints, Joyce T. Shadding was referred by Dr. Leveille and Dr. Borden and received chest x-rays at MCMC (Phila.) on December 12, 2018.

20.     On December 12, 2018, x-rays of Joyce Taylor Shadding's chest showed diffuse peribronchial thickening most suggestive of bronchitis.

21.     On or about January 25, 2019, Joyce Taylor Shadding presented to Defendant, Dr. Carrie Jordan to learn the results of her x-ray of December 12, 2018, and complaining of a painful persistent cough with accompanying pain throughout her torso, headaches, loss of appetite and problems sleeping.

22.     On January 25, 2019, Joyce Taylor Shadding was told by Dr. Jordan and Dr. Doe that the scans revealed that Joyce Taylor Shadding had bronchitis and was to continue using her inhaler and to stop smoking.  She was prescribed an asthma inhaler.

23.     By history, Joyce Taylor Shadding had smoked in the past and had a family history of cancer related illnesses which she advised Defendants, GPHA and Dr. Jordan.

24.     Joyce Taylor Shadding, after the visit of January 25, 2019 with Dr. Jordan and Dr. Leveille at Defendant, GPHA, and on or about February 3, 2019, Joyce Taylor Shadding was rushed to MCMC Philadelphia, 501 S. 54th Street, Philadelphia, Pennsylvania where she Mercy Fitzgerald Hospital, 1500 Lansdowne Avenue, Darby, PA  19023 where she complained of chest pain, cough and shortness of breath.  A CAT scan and x-rays of February 3, 2019 revealed a mass like opacity in the medial right lower lobe with ipsilateral right hilar and medial sternal adenopathy suggestive of either pulmonary malignancy or pneumonia a/k/a bronchogenic carcinoma. A chest CT of February 3, 2019 confirmed a bronchogenic carcinoma.

25.     Joyce T. Shadding became an in-patient at Fitzgerald Mercy Hospital in Darby, Pennsylvania for 6-7 days during which time she underwent numerous tests, including but not limited to x-rays, MRIs, blood work, CAT scans and biopsies – all of which confirmed the right lower lobe mass.

26.     After discharge from Mercy Fitzgerald and after numerous tests, Joyce Taylor Shadding was advised and diagnosed with Stage IV small cell lung carcinoma. She did not have Bronchitis.

27.     The scans from Mercy Catholic Medical Center of Philadelphia and/or x-rays of Joyce Taylor Shadding's chest were reviewed by Robert F. Borden, D.O. and/or Robert F. Brooks, M.D. (radiology) and were misread and misinterpreted as "Bronchitis".

28.     On or about January 25, 2019, the x-rays of December 12, 2018 of Joyce Taylor Shadding's chest were reviewed by Defendants, Dr. Jordan and Dr. Leveille of GPHA and were misread and/or misinterpreted as "Bronchitis".

29.     Joyce Taylor Shadding underwent chemotherapy and radiation but died on March 9, 2021.

30.     Joyce Taylor Shadding did not know or have reason to know she had been injured or harmed as the result of the negligence of the Defendants until she was diagnosed with cancer after the chest x-ray of February 3, 2019 at Mercy Fitzgerald Hospital.

31.     Joyce Taylor Shadding has had to undergo chemotherapy and radiation therapy and take additional medications with accompanying side effects, including but not limited to, nausea, vomiting, diarrhea, constipation, neuropathy, fatigue, anemia, immune-suppression, seroma formation, delayed healing, hair loss, bone loss and other treatments and complications and surgeries with associated extraordinary pain, suffering and mental anguish as a result of Defendants' failure to diagnose Joyce Taylor Shadding's lung cancer.

32.     Further, as a result of Joyce Taylor Shadding's history and former history, Defendants, Dr. Jordon and Dr. Leveille should have scanned/x-rayed Joyce Taylor Shadding on an annual basis.

33.     As a result of the negligence and carelessness of the Defendants, as more fully set forth below, Joyce Taylor Shadding was caused to suffer a lengthy delay in the diagnosis of her lung cancer, among other injuries and damages.

34.     As a result of the negligence and carelessness of the Defendants, Joyce Taylor's cancer was not timely diagnosed and treated.

35.     As a direct and proximate result of the negligence of Defendants, Joyce Taylor Shadding was caused to undergo extensive, painful and debilitating treatment.

36.     As a result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding was caused to suffer metastasis, tumor growth and spread and proliferation of the cancer.

37.     As a result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding lost her chance for cure of her disease before it became metastatic and her chances for cure of this disease have been eliminated or decreased.

38.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding was caused to undergo medical treatments including chemotherapy and radiation, with attendant adverse effects.

39.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding has been caused to undergo and endure extreme physical pain and suffering, mental and emotional anguish, embarrassment and humiliation and fear of recurrence, further metastasis of her disease and fear of premature death.

40.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding has been caused to incur medical, hospital and other expenses attendant to the treatment of her medical condition.

41.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding has sustained loss of life's pleasures and loss of enjoyment of life.

42.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding has been caused to suffer scarring and disfigurement and was at increased risk of developing lymphedema and its consequences.

Case ID: 210101226

43.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding has been prevented and may in the future be prevented from performing her usual and customary activities and avocations.

44.     As the result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding had been unable to perform household, spousal, family and other services.

45.     As a further result of the negligence and carelessness of the Defendants, Joyce Taylor Shadding was caused to suffer loss of earnings.

46.     The negligence of Defendants increased Joyce Taylor Shadding's risks of harm from undiagnosed and untreated cancer and were substantial factors and/or factual causes of Joyce Taylor Shadding's injuries, damages and death.

47.     As the direct and proximate result of the negligence of Defendants, Joyce Taylor Shadding died on March 9, 2021.

**Count I**
**Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding vs. Greater Philadelphia Health Action, Inc. (GPHA), Dr. Carrie Jordan, M.D. and Donald Leveille, D.O.**

48.     Plaintiffs incorporate herein by reference the preceding and succeeding paragraphs of this Civil Action Complaint as if fully set forth at length.

49.     At all relevant times, Defendants, Dr. Carrie Jordan, Dr. Donald Levielle and GPHA breached their duties to Joyce Taylor Shadding, deviated from acceptable standards of care and were negligent as follows:

> (a)     Failure to screen for lung cancer in view of Joyce Taylor Shadding's family and medical history;

> (b)     Failure to perform screening to include chest x-rays;

(c)     Failure to perform screening inclusive of chest x-rays on a periodic basis;

(d)     Failure to perform diagnostic imaging of the lungs in view of Joyce Taylor Shadding's family and medical history;

(e)     Failure to perform diagnostic imaging of the lungs on a periodic basis;

(f)     Failure to respond to signs and symptoms of lung cancer;

(g)     Failure to properly read and interpret x-rays and scans of Joyce Taylor Shadding from 2014 to the present, such that the early signs of lung cancer were missed resulting in her death from lung cancer;

(h)     Failure to properly advise Joyce Taylor Shadding of the correct results of the x-rays and scans taken on December 12, 2018 and/or February of 2021;

(i)     Negligently reporting that Joyce Taylor Shadding suffered from Bronchitis when she actually suffered from lung cancer;

(j)     Failure to advise Joyce Taylor Shadding of the need for a biopsy;

(k)     Failure to have additional images of Joyce Taylor Shadding's lungs taken for review;

(l)     Failure to timely diagnose Joyce Taylor Shadding's cancer;

(m)     Causing a delay in the diagnosis of Joyce Taylor Shadding's lung cancer;

(n)     As a result of the Defendants' foregoing negligence, carelessness and breaches of their duties of care, which increased the risk and

factually caused harm, Joyce Taylor Shadding was caused to suffer the injuries and damages as more fully set forth above and herein and incorporated by reference.

WHEREFORE, Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding demands judgment in her favor against Defendants, GPHA, Inc., and Dr. Carrie Jordan in an amount in excess of Fifty Thousand ($50,000,00) Dollars, together with interest and costs of suit.

### Count II
**Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding v. Trinity Health, Inc., Trinity Health Mid-Atlantic, Inc., Mercy Catholic Medical Center (MCMC) a/k/a Mercy Philadelphia Healthcare, MCMC Department of Radiology, MCMC Radiology Associates,**
**Doctors Robert F. Borden, D.O. and Michael L. Brooks, M.D.**

50.     Plaintiffs incorporate herein by reference the preceding and succeeding paragraphs of this Civil Action Complaint as if fully set forth at length.

51.     At all relevant times, Defendants, Trinity Health, Inc., Trinity Health Mid-Atlantic, Inc., MCMC, Inc., a/k/a Mercy Philadelphia Hospital, MCMC Department of Radiology, MCMC Radiology Associates, Doctors Borden and Brooks (formerly John does 2-3 breached their duties to Joyce Taylor Shadding by deviating from accepted standards of care and were negligent as follows:

(a)     Failing to properly read and interpret x-rays and/or scans of Joyce Taylor Shadding's lung taken at MCMC from September 2, 2014, July 25, 2015 and December 12, 2018 to the present and in particular x-ray scans taken in 2018 to 2019;

(b)     Failing to properly and correctly report the finding of Joyce Taylor Shadding's x-rays and scans;

(c)     Failing to properly advise Joyce Taylor Shadding of the correct

results of all x-rays and scans;

(d)     Failing to properly advise Joyce Taylor Shadding's physicians of

the correct results of the x-rays and scans;

(e)     Failing to possess the necessary knowledge and skill to properly

read and interpret the x-rays and scans from September 2, 2014, July

25, 2015 and December 12, 2018;

(f)     Negligently reporting negative findings in scans and x-rays when in

fact said scans and x-rays revealed findings in the lungs suggestive of

lung cancer;

(g)     Failing to report that said scans and x-rays showed suspicious

mass(es) in the lungs;

(h)     Failing to report that Joyce Taylor Shadding required further

evaluation, testing and/or treatment;

(i)     Failing to report that Joyce Taylor Shadding required biopsy of the

suspicious areas;

(j)     Failing to have additional images of Joyce Taylor Shadding's lungs

taken for review prior to her departure from radiology;

(k)     Failing to timely diagnose Joyce Taylor Shadding's cancer, such

that she could obtain effective life-saving treatment; and

(l)     Causing a delay in the diagnosis of Joyce Taylor Shadding's lung

cancer, such that her cancer led to her death.

52.     As the result of Defendants' foregoing negligence, carelessness and breaches of their duties of care, which increased the risk and factually caused harm, Joyce Taylor Shadding was caused to suffer the injuries and damages as more fully set forth above and herein and incorporated by reference.

WHEREFORE, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding demands judgment in her favor against Trinity Health, Inc., Trinity Mid-Atlantic, Inc., Mercy Catholic Philadelphia Hospital, MCMC Department of Radiology, MCMC Radiology Associates, Doctors Borden and Brooks and John/Jane Doe Corporation in an amount in excess of Fifty-Thousand ($50,000.00) Dollars, together with interest and costs of suit.

### Count III
**Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding vs. GPHA, Trinity Health, Inc., Trinity Mid-Atlantic, Inc., MCMC, Inc. a/k/a Mercy Philadelphia Hospital, MCMC Department of <u>Radiology, MCMC Radiology Associates and John/Jane Doe Corporation</u>**

53.     Plaintiffs incorporate herein by reference the preceding and succeeding paragraphs of this Civil Action Complaint as if fully set forth at length.

54.     At all relevant times, Defendants, GPHA, Trinity Health, Inc., Trinity Mid-Atlantic, Inc., MCMC, Inc. a/k/a Mercy Philadelphia Hospital, MCMC Department of Radiology, MCMC Radiology Associates, and John/Jane Doe Corporation had a duty to ascertain that the physicians, residents, fellows, physician's assistants, nurses, radiology technicians practicing and working in their medical practices were properly qualified, competent, skilled and fit to evaluate, monitor, care for, diagnose and treat the condition of its patients, including Joyce Taylor Shadding to implement, enforce and ensure compliance with necessary and appropriate protocols and policies with regard to

the care and treatment of patients within its medical practices, including Joyce Taylor

Shadding to supervise, oversee and monitor the medical and radiology services and

treatment rendered to its patients in its medical practices and to take all necessary

steps to ensure that appropriate and necessary diagnostic and interpretive criteria,

treatment, care, testing, proper facilities, equipment and medical products and devices

to care for patients of its medical practices, including Joyce Taylor Shadding, were

utilized.

    55.    At all relevant times, Defendants, mentioned above breached its foregoing

duties and were negligent and careless as follows:

        (a)    Failing to properly supervise and oversee the practice of

            Defendant, Doctors Carrie Jordan, M.D., Donald Leveille, M.D., Robert

            F Borden, D.O. and Michael L. Brooks, M.D.;

        (b)    Failing to ascertain that the physicians, residents, fellows, physician

            assistants, nurses, and radiology technicians working in its medical

            practices were qualified, competent, fit and skilled in the evaluation,

            monitoring, care and treatment of patients;

        (c)    Allowing physicians, residents, fellows, physician's assistants,

            nurses and radiology technicians to evaluate, attend, care for and treat

            patients who were not properly qualified, competent and fit to treat

            such patients;

        (d)    Failing to properly monitor, oversee and supervise the practice of

            physicians, residents, fellows, physician's assistants, nurses, and

radiology technicians caring for its medical patients, including Joyce

Taylor Shadding;

(e)     Failing to formulate, implement and determine compliance with

policies and procedures necessary to ensure proper reading,

interpretation and reporting of MRI scans and x-rays;

(f)     Failing to take necessary precautions to avoid misreading and

misinterpretation of scans and x-rays;

(g)     Failing to have am effective "backup" and/or quality assurance

procedure in place to avoid misreading and misinterpretation of scans

and x-rays;

(h)     Failing to have and employ appropriate quality assurance methods

in connection with interpretation and reporting of scans and x-rays;

(i)     Failing to determine that Defendant, Doctors were in fit and proper

condition to interpret and report x-ray and MRI scans;

(j)     Failing to determine that Defendant, doctors were in fit and proper

condition to interpret and report x-ray and MRI scans;

(k)     Failing to oversee, monitor and determine that Defendant, doctors.

had the appropriate qualifications, knowledge and skills to interpret

MRI scans and x-rays;

(l)     Failing to oversee, monitor and determine that Defendant, doctors

had the appropriate qualifications, knowledge and skills to interpret

scans and x-rays and MRI scans;

(m)    Failing to oversee, monitor and determine that Defendant, doctors had the appropriate qualifications, knowledge and skills to interpret x-rays and MRI scans;

(n)    Failing to properly train and oversee the continuing education of its doctors and providers; and

(o)    Failing to properly train and oversee all nurses, staff and radiology technicians positioning patients for and performing the scans/exams/studies.

56.    As a result of the Defendants' foregoing negligence, carelessness and breaches of their duties of care, which increased the risk and factually caused harm, Joyce Taylor Shadding was caused to suffer the injuries and damages as more fully set forth above and herein and incorporated by reference.

WHEREFORE, Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding, demands judgment in her favor against Defendants, GPHA, Trinity Health, Inc., Trinity Mid-Atlantic, Inc., MCMC, Inc. a/k/a Mercy Philadelphia Hospital, MCMC Department of Radiology, MCMC Radiology Associates and John/Jane Doe Corporation in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest and costs of suit.

**COUNT IV**
**Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor**
**Shadding vs. Mercy Catholic Medical Center, Inc. (MCMC), <u>Trinity Health, Inc.,</u>**
**<u>Trinity Mid-Atlantic, Inc. and John/Jane Doe Corp.</u>**

57.     Plaintiffs incorporate herein by reference the preceding and succeeding paragraphs of this Civil Action Complaint as if fully set forth at length.

58.     At all relevant times, Defendants, MCMC, Trinity Health, Trinity Mid-Atlantic and John/Jane Doe Corp. had a duty to ascertain that the physicians, residents, fellows, nurses, physician's assistants and radiology and other technicians, staff and other individuals practicing and working in its hospital and related facilities were properly qualified, competent, fit and skilled to evaluate, monitor, care for, diagnose and treat the condition of its patients, including Joyce Taylor Shadding; to determine that appropriate policies and procedures were implemented and carried out, to implement, enforce and ensure compliance with necessary and appropriate protocols and policies with regard to the care and treatment of patients within its hospital and related facilities, including Joyce Taylor Shadding; to supervise the medical and radiology services and treatment rendered to its patients; to supervise, oversee and monitor the medical and nursing care rendered in its hospital and to have and maintain proper, appropriate and necessary diagnostic and interpretive criteria, treatment, care, testing and facilities, equipment and medical products and devices to care for patients of the hospital, including Joyce Taylor Shadding.

59.     At all relevant times, Defendants, above, breached its foregoing duties and was negligent and careless as follows:

(a)     Failing to properly supervise and oversee the practice of its Radiology Department;

(b)     Failing to ascertain that the physicians, residents, fellows, nurses, radiology technicians and physician's assistants working in its hospital were qualified, competent, fit and skilled in the evaluation, monitoring, care and treatment of patients;

(c)     Allowing physicians, residents, fellows, nurses, radiology technicians and physician's assistants to evaluate, attend, care for and treat patients who were not properly qualified, competent and fit to treat such patients;

(d)     Failing to properly monitor, oversee and supervise the practice of physicians, residents, fellows, nurses, physician's assistants and radiology technicians caring for its medical patients, including Joyce Taylor Shadding;

(e)     Failing to properly and adequately determine the skill, competence, qualifications and licensure status of the physicians, residents, fellows, physician's assistants, nurses, and radiology technicians and other individuals practicing and working within its medical practice and/or hospital;

(f)     Granting and/or allowing the continued practice/privileges of doctors and radiologists when Defendants knew or should have known by reasonable inquiry and investigation that they were not properly caring for their patients;

(g)     Failing to implement and determine compliance with policies and procedures necessary to the provision of proper medical care to its

Case ID: 210101226

patients and, in particular, necessary to the care of Joyce Taylor
Shadding herein;

(h)     Failing to properly supervise and oversee the practice of its
radiology department;

(i)     Failing to formulate, implement and determine compliance with
policies and procedures necessary to ensure proper reading,
interpretation and reporting of scans and x-rays;

(j)     Failing to take necessary precautions to avoid misreading and
misinterpretation of scans and x-rays;

(k)     Failing to have an effective "backup" and/or quality assurance
procedure in place to avoid misreading and misinterpretation of scans
and x-rays;

(l)     Failing to have an employ appropriate quality assurance methods in
connection with interpretation and reporting of scans and x-rays;

(m)     Failing to oversee, monitor and determine if its doctors, providers,
and radiologists had appropriate qualifications, knowledge and skills to
interpret scans and x-rays;

(n)     Failing to properly train and oversee all nurses, staff and radiology
technicians positioning patients for and performing the scans,
exams/studies and x-rays;

60.     As a result of the Defendants' foregoing negligence, carelessness and
breaches of their duties of care, which increased the risk and factually caused harm,

Joyce Taylor Shadding was caused the injuries and damages as more fully set forth above and herein and incorporated by reference.

WHEREFORE, Plaintiff, Theodorsha Taylor Administratrix of the Estate of Joyce Taylor Shadding, demands judgment in her favor against Defendants, MCMC, Inc., Trinity Health, Inc., Trinity Mid-Atlantic, Inc, and John/Jane Doe Corp. in an amount in excess of Fifty-Thousand Dollars ($50,000.00), together with interest and costs of suit.

**COUNT V**
**Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce T. Shadding vs. Mercy Catholic Radiology Associates, <u>MCMC (Phila) and Robert F. Borden, D.O. and Michael L. Brooks, M.D.</u>**

61.     Plaintiffs incorporate herein by reference the preceding and succeeding paragraphs of this Civil Action Complaint as if fully set forth at length.

62.     Joyce Taylor Shadding had been complaining of chest pain since approximately, 2014.

63.     Joyce Taylor Shadding received x-rays and other scans at MCMC Philadelphia, Mercy Catholic Radiology Associates as a result of her complaints.

64.     Specifically, on September 2, 2014, she received a portable chest x-ray which revealed lower lung volume, cannot exclude perihilar infiltrates consider atypical pneumonia and other inflammatory process.

65.     The x-ray report was signed by Robert F. Borden, D.O.  It is believed that this x-ray showed the first signs of cancer.

66.     On September 2, 2014, Joyce Taylor Shadding received a second x-ray – signed by Michael A. Brooks, M.D. which was found to be normal.  This x-ray showed the first signs of cancer.

67.     On July 25, 2015, Joyce Taylor Shadding complained of chest pain and presented to the ER of Defendant, MCMC Phila. where the Radiology Department by Dr. Michael Brooks, performed a chest x-ray which found no mass in the lungs.

68.     It is believed that the said x-rays of September 2, 2014 and July 25, 2015 showed the first signs of Joyce Taylor Shadding's lung cancer.

69.     It is believed that the agents, employees and ostensible agents of MCMC Radiology and MCMC Philadelphia failed to properly read and interpret said x-ray scans, and as a result of which Joyce Taylor Shadding's cancer was permitted to develop into Stage IV incurable cancer.

70.     At all times relevant hereto, Doctors Brooks and Borden, as agents, employees and/or ostensible agents of Defendant, MCMC Philadelphia and MCMC Radiology deviated from acceptable standards of care and were negligent as follows:

(a)     Failure to screen for lung cancer in view of Joyce Taylor Shadding's family and medical history;

(b)     Failure to properly read and interpret x-rays and scans of Joyce Taylor Shadding;

(c)     Failure to properly advise Joyce Taylor Shadding of the correct results of the x-ray and scans taken in 2014, 2015 and December of 2018;

(d)     Failure to advise Joyce Taylor Shadding of the need for a biopsy;

(e)     Failure to timely diagnose Joyce Taylor Shadding;

(f)     Causing a delay in the diagnosis of Joyce Taylor Shadding's lung cancer;

(g)    As a result of the Defendant's foregoing negligence and carelessness and breaches of the duties of care, which increased the risks and factually caused harm, Joyce Taylor Shadding was caused to suffer lung cancer which led to her death.

(h)    As a result of Defendants' foregoing negligence, Joyce Taylor Shadding died on March 9, 2021.

WHEREFORE, Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding demands judgment in her favor against Defendants MCMC (Phila), MCMC Radiology Associates, Donald Borden, D.O. and Michael Brooks M.D. in an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**Count VI**
**Corporate Negligence/Liability**
**Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor**
**Shadding v. GPHA, Trinity Health, Inc., Trinity Health Mid-Atlantic, Inc., Mercy**
**Catholic Medical Center, Mercy Catholic Radiology Associates**

71.    Plaintiff incorporates herein by reference all of the averments of the preceding paragraphs 1 through 70 of this Complaint as though set forth fully herein.

72.    At all relevant times hereto, each of the Defendants named above, as well as their respective agents, servants and/or workmen were negligent and careless and breached their duties to the deceased, Joyce Taylor Shadding and deviated from accepted standards of care and were negligent as follows:

(a)    Failing to protect the health, safety and welfare of Joyce Taylor Shadding;

(b)    Failing to procure, recommend and undertake appropriate testing,

procedures and treatment;

(c)    Failing to implement and/or omitting appropriate and timely testing procedures and treatment;

(d)    Failing to appreciate and acknowledge the severity of Joyce Taylor Shadding's condition;

(e)    Failing to implement and/or omitting appropriate and timely testing;

(f)    Failing to send Joyce Taylor Shadding for timely x-rays;

(g)    Failing to render proper and timely attention and care to Joyce Taylor Shadding;

(h)    Failing to understand and interpret the x-rays of 9/2/14, 7/2/15 and 12/12/18;

(i)    Failing to properly and adequately investigate the qualifications, competence and background of the individuals rendering care to Joyce Taylor Shadding;

(j)    Failing to ascertain that the physicians, including but not limited to the radiologists and general practitioners working in its medical practices were qualified, competent, fit and skilled in the evaluation, monitoring, care and treatment of patients;

(k)    Failure to properly train, hire, supervise, and monitor its medical staff;

(l)    Failing to supervise individual medical providers that may not have had sufficient training and skill to treat Joyce Taylor Shadding's Decedent.;

Case ID: 210101226

(m)    For all the reasons stated in Counts One through Five as
       incorporated herein.

73.    At all times pertinent hereto, all Defendants' had actual or constructive notice of the aforementioned negligence specifically that the deceased, Joyce Taylor Shadding 's chest x-rays of 9/2/14, 7/25/15 and 12/12/18 were misinterpreted.

74.    As a direct and proximate cause and result of the Defendants' foregoing breaches of their duties of care, Joyce Taylor Shadding died on March 9, 2021.

75.    As a proximate result of Defendants' conduct, Joyce Taylor Shadding's Decedent, Joyce Taylor Shadding has suffered actual physical and emotional injuries, and other damages and losses as described herein, thereby entitling her to compensatory, consequential and special damages, in amounts to be determined at trial.

76.    As a further result of Defendants' conduct, Plaintiff has incurred special damages, including medically-related expenses.

77.    All corporate defendants are responsible and have "corporate liability" for the negligence of the natural persons employed by said Defendants, particularly Defendant, GPHA Trinity Health, Inc., Trinity Health Mid-Atlantic, Inc., MCMC and MCMC Radiology.

78.    Specifically, Doctors Carrie Jordan, M.D. and Donald Leveille, M.D. were at all times material hereto, employees and agents of Defendant, GPHA.

79.    Specifically, Doctors Robert F Borden, D.O. and Michael L. Brooks, M.D. were at all times material hereto employees and agents of Defendants, Trinity/Health Inc., Trinity Health Mid-Atlantic Inc, Mercy Catholic Medical Center and Mercy Catholic

Radiology Associates.

80.     Said Defendants are liable for the acts and omissions of the natural

persons it employed and for those of the other associates and partners during the times

Joyce Taylor Shadding's Decedent was under the care of Defendants.

WHEREFORE, Plaintiff, Theodorsha Taylor, Administratrix of the Estate of Joyce

Taylor Shadding demands judgment against the Defendants in an amount in excess of

Fifty-Thousand ($50,000.00) Dollars.

### COUNT VII
### Vicarious Liability
### Theodorsha Taylor ad Administratrix of the Estate of Joyce Taylor Shadding v. All Named Corporate Defendants

81.     Plaintiff incorporates herein by reference all of the averments of the

preceding paragraphs 1-80 of this Complaint as though set forth fully herein.

82.     Defendants have a duty and responsibility to its patients to furnish

appropriate and competent care with respect to its patients.

83.     As a part of its duties and responsibilities, Defendants have an obligation

to establish policies and procedures when a patient has complaints of chest pain and

coughing.

84.     Acting through its administrators, various boards, committees and

individuals, Defendants are responsible for the standard of professional practice by

members of its staff at the above locations and to oversee their conduct in the matters

set forth throughout this Complaint.

Case ID: 210101226

85.     Defendants have an obligation to employ competent, qualified staff so as to ensure the proper treatment and care for individuals having medical and age-related problems such as those presented by Joyce Taylor Shadding as set forth.

86.     Defendants are vicariously liable for the negligence of their employees.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT VIII**
**Wrongful Death**
**Theodorsha Taylor, Administratrix of the Estate of**
**<u>Joyce Taylor Shadding v. All Defendants</u>**

87.     Plaintiff incorporates herein by reference all of the averments of the preceding paragraphs 1 through 86 of this Complaint as though set forth fully herein.

88.     At the time of the March 9, 2021 death of the Decedent, Joyce Taylor Shadding, Lela Taylor, Joy London, and Theodorsha Taylor were the lawful children of Joyce Taylor Shadding.

89.     This action is being brought by Theodorsha Taylor, the Administratrix of the Estate of Joyce Taylor Shadding and as personal representative of the heirs of Joyce Taylor Shadding pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. Section 8301.

90.     An action for wrongful acts leading to the death of decedent was commenced during her lifetime under this Court's term and number.

91.     The Plaintiff, Theodorsha Taylor was duly appointed as Administratrix of the Estate of Joyce Taylor Shadding by the Register of Wills, Philadelphia County, Pennsylvania on September 29, 2021 and is bringing this action by virtue of the laws of the Commonwealth of Pennsylvania including the Act of 1855 P.L. 309 as amended and

Case ID: 210101226

Pa. R.C.P. 2202.  Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding was substituted as party Plaintiff on October 4, 2021.

92.    As a result of the aforesaid negligent acts and/or omissions of Defendants resulting in Decedent, Joyce Taylor Shadding's death, her survivors have suffered damages for pecuniary loss including, but not limited to, the following:

    (a)    Medical expense;

    (b)    Funeral expense;

    (c)    Administration expense necessitated by reasons of the injuries and resulting death referred to above;

    (d)    Emotional and psychological loss;

    (e)    Companionship;

    (f)    Services and society;

    (g)    Such other pecuniary losses recoverable under the Wrongful Death Act and applicable Pennsylvania law.

93.    As a result of the aforesaid negligent acts and/or omissions of Defendants resulting in Joyce Taylor Shadding's death, Joyce Taylor Shaddings' survivors have suffered, and will continue to suffer for an indefinite time in the future, and claim damages for losses including but not limited to the following:

    (a)    Loss of pecuniary value of the services, society, comfort, companionship, maintenance, guidance, tutelage, moral upbringing, support, protection and enjoyment which decedent would have provided for the remainder of decedent's natural life;

    (b)    Such other pecuniary contributions the survivors could have

expected to receive from the decedent and were caused to lose as a

direct and proximate result of Defendants' negligence and

carelessness; and

    (c)    Such other losses recoverable under applicable Pennsylvania law.

94.    On behalf of the Wrongful Death beneficiaries, the Administratrix claims

damages for the monetary support the decedent would have provided to the

beneficiaries during her lifetime.

WHEREFORE, Plaintiff, Theodorsha Taylor, individually and as Administratrix of

the Estate of Joyce Taylor Shadding, deceased, demands judgment in her favor and

against the Defendants in an amount in excess of Fifty-Thousand ($50,000.00) Dollars

together with costs, delay damages, interest and any other relief+ that this Court deems

appropriate.

## COUNT IX
### Survival Action
### Theodorsha Taylor, Administratrix of the Estate of Joyce Taylor Shadding
### <u>vs. All Defendants</u>

95.    Plaintiff incorporates herein by reference all of the averments of the

preceding paragraphs 1 through 92 of this Complaint as though set forth fully herein.

96.    Plaintiff claims damages for the physical pain and mental suffering

undergone by decedent, Joyce Taylor Shadding prior to her death on March 9, 2021.

This action is brought on behalf of the Estate of Joyce Taylor Shadding by the

Administratrix of the said Estate under the Act of 1949, P.L. 512, 603.  Pursuant to the

Pennsylvania Survival Act, 42 Pa. C.S.A. Section 8302 and claims all damages

encompassed thereby on behalf of said Estate and claims on behalf of the Estate all

damages recoverable by law including decedent's pain and suffering, loss of earnings

Case ID: 210101226

capacity and total limitation and deprivation of the enjoyment of life.

97.    The death of decedent, Joyce Taylor Shadding was caused by Defendants' carelessness and negligence as described above and which is incorporated herein.

98.    At all times relevant thereto, the conduct of Defendants was in disregard for the health, safety and welfare of decedent, Joyce Taylor Shadding.

99.    As a result of Defendants' negligence, decedent suffered great physical pain and suffering prior to her death which death was caused by Defendants herein.

WHEREFORE, Plaintiff, Theodorsha Taylor, individually and as Administratrix of the Estate of Joyce Taylor Shadding demands judgment in her favor and against the Defendants in an amount in excess of Fifty-Thousand ($50,000.00) Dollars together with costs, delay damages, interest and any other relief that this Court deems appropriate.

BY: _____

 GARY I. SPIVACK, ESQUIRE
 Attorney for Plaintiffs

Dated:  May 1?, 2022

<u>VERIFICATION</u>

I, THEODORSHA TAYLOR, Administratrix of the Estate of Joyce T. Taylor a/k/a Joyce Taylor Shadding, hereby verify that the statements made in the foregoing *SEVENTH* Amended Complaint, are true and correct to the best of our information, knowledge and belief after reasonable inquiry. We understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
THEODORSHA TAYLOR

DATED: __5/17/2022__